IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LISA A. BIRON (BOP #12775-049), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-603-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Lisa A. Biron, a federal prisoner confined at the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas, against Jody R. Upton, Warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

On May 23, 2013, Petitioner was sentenced to a combined 480-month term of imprisonment on her convictions for transportation with intent to engage in criminal sexual activity, sexual exploitation of children, and possession of child pornography in the United States District Court for the District of New Hampshire, Concord Division. Minute Entry for 05/23/2013 and J., *United States v. Biron,* Criminal Docket for Case #: 1:12-cr-00140-PB-1, ECF No. 46. Petitioner filed a notice of appeal, which remains pending in the First Circuit Court of Appeals. Notice of Appeal, *Id.*, ECF No. 45; Pet. 1, ECF No. 1.

This federal petition was received for filing by the clerk of Court on July 31, 2014.[1]  Pet.,

ECF No. 1.  Petitioner asserts that she brings the petition "for declaratory judgment, and to enjoin

the Respondent from repeatedly disciplining [her] . . . and from interfering with her mail to her minor

daughter, R.B., based on the FBOP's erroneous contention that there exists a court order barring

contact."  Pet. 1, ECF No. 1.  Petitioner was previously confined at FCI-Danbury, where she was

charged with violating the no-contact order by attempting to mail correspondence to R.B. in

"circumvention of [the prison's] mail monitoring procedures."  *Id.* 2.  Petitioner is challenging the

disciplinary finding in a § 2241 petition filed in the United States District Court for the District of

Connecticut, New Haven Division.  Pet., *Biron v. Baird,* Civil Docket for Case #: 3:14-cv-00385-

VLB, ECF No. 1.  A motion to have that habeas action transferred to this district, where Petitioner

is currently confined, is pending in that court.[2]  *Biron v. Baird,* Civil Docket for Case #: 3:14-cv-

00385-VLB, ECF No. 10.

## II.  DISCUSSION

This court has the duty to assure that it has jurisdiction over the matters before it.  *Burge v.*

*Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*,

896 F.2d 170, 173 (5th Cir. 1990).  Federal Rule of Civil Procedure 12(h)(3) requires that federal

courts dismiss an action whenever it appears by suggestion of the parties or otherwise that the court

lacks jurisdiction over the subject matter.  Fed. R. Civ. P. 12(h)(3).  Further, Title 28, United States

Code, Section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus

---

[1]Petitioner did not pay the $5.00 filing fee but does assert in her cover letter that the fee will be forwarded under separate cover.

[2]Petitioner asserts that FMC-Carswell has confiscated some of her mail to R.B. and has also charged her with a disciplinary violation, for which she is awaiting a hearing.  Pet. 2, ECF No. 1.

petition prior to any answer or other pleading by the government.[3]  Therefore, no service has issued

upon Respondent.

Federal prisoners may challenge the manner in which their "sentence is carried out or the

prison authorities' determination of its duration" in a habeas petition pursuant to § 2241.  *Pack v.*

*Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000).  However, habeas relief "is not available to review

questions unrelated to the *cause* of detention." *Pierre v. United States,* 525 F.2d 933, 935 (5th Cir.

1976) (emphasis added).  The "sole function" for a habeas action "is to grant relief from unlawful

imprisonment or custody and it cannot be used properly for any other purpose." *Id.* at 935-36.  *See*

*also Carson v. Johnson,* 112 F.3d 818, 820 (5th Cir. 1997) (holding a petition for a writ of habeas

corpus permits a petitioner to seek immediate or earlier release from custody, whereas a civil rights

action provides the proper avenue to challenge unconstitutional conditions of confinement and prison

procedures).  Therefore, if a prisoner seeks only declaratory and/or injunctive relief, other than an

injunction shortening the duration of confinement, he or she is not entitled to relief in a habeas

corpus petition. *Hernandez v. Garrison,* 916 F.2d 291, 293 (5th Cir. 1990).

Petitioner's claims do not concern the fact or duration of her confinement, which is the

"essence of habeas." *Preiser v. Rodriguez,* 411 U.S. 475, 498-99 (1973).  Instead, she seeks a

declaratory judgment that no "no-contact" order exists and injunctive relief enjoining Respondent

"from interfering with her legally allowed contact with R.B. and from repeatedly penalizing her for

---

[3]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall
> forthwith award the writ or issue an order directing the respondent to show cause why the writ
> should not be granted, *unless it appears from the application that the applicant or person is not*
> *entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

violating a non-existent no-contact order." Pet. 3, ECF No. 1. This type of declaratory and injunctive relief is not a proper subject for a habeas corpus petition. Therefore, her claims are not cognizable in a § 2241 petition. *Spina v. Aaron,* 821 F.2d 1126, 1128 (5th Cir.1987) (holding that the core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the fact or duration of his confinement or merely the rules, customs, and procedures affecting conditions of confinement).

## III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** with prejudice for lack of subject matter jurisdiction.

**SO ORDERED** on this 1st day of **August, 2014.**

_____
REED O'CONNOR
UNITED STATES DISTRICT JUDGE